IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

In re:                                  :
                                        :
ANTONIO A. FERNANDEZ,                   :     Case No. 04-10585 (GAC)
MARTHA BERTRAN,                         :
                                        :
        Debtors                         :     Chapter 11
_____:
                                        :
In re:                                  :
                                        :
LASER REALTY, INC.,                     :     Case No. 04-12634 (GAC)
                                        :
        Debtor                          :     Chapter 7
_____:
                                        :
In re:                                  :
                                        :
CORUS HARDWARE, CORP.,                  :     Case No. 07-00067 (GAC)
                                        :
        Debtor                          :     Chapter 11
_____:
                                        :
In re:                                  :
                                        :
LASER REALTY, INC.,                     :
                                        :
        Plaintiff                       :
                                        :
        v.                              :     Adv. No. 06-00189 (GAC)
                                        :
ANTONIO FERNANDEZ, ET AL.,              :
                                        :
        Defendants                      :
_____:

DECISION AND ORDER

BACKGROUND

On October 31, 2008, a settlement agreement ("Settlement Agreement") was filed between the captioned debtors, the Chapter 7 trustee for the estate of Laser Realty, Inc. ("Laser"),

1

International Steel and Tube, S.A. ("IST"), Florida Tube Corporation ("FTC") and Citibank, N.A. ("Citibank"). The captioned corporate debtors, IST and FTC are all related corporations and were all operated by the individual debtors, Antonio A. Fernandez and Martha Bertran (the "Fernandez debtors").

In essence, the agreement proposes monetary compensation to Citibank, in exchange for settlement of all of the protracted litigation between the parties. Citibank had sought conversion of the bankruptcy case of the Fernandez debtors to Chapter 7. Citibank has an unsecured claim against Laser in the amount of $11,164,539.56, which was objected to by the Chapter 7 trustee, Noreen Wiscovich Rentas ("NWR"). Citibank also has a claim against Corus Hardware, Corp. ("Corus") of $11,164,539.56, of which $4,050,342.00 was claimed as secured. Citibank had also sought the conversion of Corus' Chapter 11 proceeding to Chapter 7 and had objected to the disclosure statement. Various other contested matters have existed between Citibank and the Fernandez debtors, which are not detailed in the Settlement Agreement.

In the adversary proceeding, NWR had objected to the dischargeability of debts, sought avoidance of alleged transfers of property and recovery of fraudulent conveyances. IST is a defendant in this litigation.

In the Settlement Agreement, Citibank has agreed to accept $7,000,000, to release Laser and all co-borrowers and guarantors

(i.e. the Fernandez debtors, Corus, FTC and IST) from all liabilities related to its claims. Citibank is also withdrawing its motions to convert and will affirmatively vote for confirmation of the plans of reorganization in the bankruptcy cases of the Fernandez debtors and Corus.

The terms of the payment to Citibank are immediate payment of $3,500,000.00 by all captioned debtors, FTC and/or IST, which will reduce the claims against all estates by this amount. Laser will also make a partial distribution to Citibank in the amount of $500,000.00. This distribution, and a prior payment of $94,637.02 to Citibank, will be applied against the final dividend payable to Citibank. The remaining balance to complete the $7,000,000.00 payment, will be paid by the Fernandez debtors, Corus, FTC and/or IST in sixty equal monthly installments of $25,000.00, plus interest at the prevailing prime rate. The Settlement Agreement provides that in the event of default in the payment of two installments, Citibank's claim against the Fernandez debtors and Corus will revert to the original amount claimed of $11,751,856.59, less payments received, and will be considered non-dischargeable as to the Fernandez debtors. Laser is also to receive $150,000.00, from the Fernandez debtors, Corus and/or IST in exchange for settlement of all claims and disputes.

The Court entered an order granting the Settlement Agreement unless an objection was filed within twenty days. American

Acquisition, L.L.C. ("American"), an unsecured creditor of the Fernandez debtors, claiming to be owed $7,850,869.50, filed an objection, alleging that the payment of $3,500,000.00, and the subsequent installments, are prejudicial to the unsecured creditors, if the funds are paid from the bankruptcy estate of the Fernandez debtors and are greater than the distribution to other unsecured creditors. American also contends that the nondischargeability provisions, in the event of default, are unfair and adversely discriminate against other unsecured creditors, since Citibank's claim would not otherwise be nondischargeable.

Citibank, NWR and the Fernandez debtors replied to the objection in separate motions. Citibank contends that the $3,500,000.00 payment is being made by IST, FT and/or Corus and that the installment payments will be made by IST or Corus, less the distributions from the liquidation of Laser. Citibank also represents that if payments are made by the Fernandez debtors, they will be limited or made in *pari passu* with the payments received by other creditors in the same class. Citibank indicates that it has conceded to a significant reduction of its claim, which inures to the benefit of the other unsecured creditors. Citibank contends that the nondischargeability provision must be considered in the context of the complete Settlement Agreement and is only triggered in the event of default. If the payments are made, the Fernandez debtors will be released from the obligation to pay payment of any

4

balance of the original debt.

NWR also represents that from the estate of Laser, Citibank will receive the same percentage of its allowed claim, like every other general unsecured creditor.  NWR also points to the significant reduction in Citibank's claim, the benefit of the injection of $150,000.00 into Laser's estate and the otherwise prolonged and expensive litigation costs.

The Fernandez debtors, who control Corus and IST, state that the initial payment and the installments will be made by Corus and IST and that if payments are made by them, they will not exceed dividends to be received by other claimants in the same class.  The Fernandez debtors argue in favor of adoption of the nondischargeability provision, because of the benefit they will receive in being released from the balance of the original debt if the payments are made.

At a hearing held on December 11, 2008, the Court granted American ten days to supplement its objection and granted General Electric Capital Corporation ("GECC") until January 4, 2009 to submit its position.  The Court then took the matter under advisement.  American filed a submittal of citation after the hearing.

On December 24, 2008, GECC, a creditor claiming to be owed $2,537,663.00, filed an objection to the proposed agreement.  GECC argues that the Settlement Agreement does not indicate the amounts

5

that will be paid by each of the debtors and the other parties and thus, GECC is unable to evaluate whether the Settlement Agreement is reasonable, fair or equitable and in the best interests of the creditors of each estate.  GECC objects to all parties being jointly and severally liable for the entirety of the $7,000,000.00 obligation to Citibank.  GECC notes that there is an objection to Citibank's claim in the bankruptcy case of the individual debtors and that, if granted, the indebtedness to Citibank would be eliminated.  GECC contends that in the event of default, Corus becomes liable for the entire debt, which would have a disparate and inequitable impact on its creditors and that Citibank could receive substantially more than its pro rata share of the Corus estate.  GECC also objects to payment of interest on Citibank's unsecured claim, since no interest payments are being provided to similarly situated creditors of the estates.  GECC opposes the nondischargeability provisions as to the Fernandez debtors and contends that the Settlement Agreement is inequitable since it provides for interim distribution to Citibank without also providing for interim distribution to other unsecured creditors. GECC supplemented its objection to assert that it opposes any contemplated source of payment from assets not identified on the schedules and liabilities of any of the debtors, including a life insurance policy issued on the life of Antonio A. Fernandez.

NWR and Citibank replied to GECC's objection.  NWR argues that

the Settlement Agreement does not provide for joint and several liability. Citibank reiterates the sources of payment, as argued in its reply to American's objection, discusses the life insurance policy and argues that the standards for approval of the Settlement Agreement have been met.

DISCUSSION

In deciding whether to approve a proposed settlement, the Court begins with the principle that compromises are favored in bankruptcy and are to be encouraged. In re Healthco Int'l, Inc., 136 F.3rd 45, n. 5 (1st Cir. 1998). The four factors to be considered in deciding whether to approve a compromise are:

> (I) the probability of success in the litigation being compromised; (ii) the difficulties, if any, to be encountered in the matter of collection; (iii) the complexity of the litigation involved, and the expense, inconvenience and delay attending it; and (iv) the paramount interest of the creditors and a proper deference to their reasonable views in the premise.

In re Indian Motorcycle Co., Inc., 289 B.R. 269, 283 (B.A.P. 1st Cir. 2003)(citing Jeffrey v. Desmond, 70 F.3d 183, 185 (1st Cir. 1995)). "In other words, therefore, a compromise will be approved when it is both 'fair and equitable' and in the best interests of the estate." 10 *Collier on Bankruptcy* ¶ 9019.02 (15th ed. rev.).

The Court concludes that the uncertainty of the litigation between the debtors and Citibank weighs heavily in favor of the approval of the Settlement Agreement. The Court is familiar with all of the contested matters between these parties and concludes

that it is highly unlikely that the debtors would prevail in their objections to Citibank's claims and achieve the result of eliminating Citibank's claims and status as a creditor.  The parties have engaged in extensive litigation in numerous contested matters, which has come at great expense and has caused years of delay.  Given the history of these cases and a cursory review of the ample dockets, it  would be unrealistic to conclude that the disputes between the debtors and Citibank could be expeditiously and inexpensively resolved, with the debtors prevailing in all of the  litigation.   The Court also notes that at one point, the bankruptcy cases of the Fernandez debtors and that of Corus, were on the verge of conversion to Chapter 7.  The Court concludes that the debtors, Citibank, NWR and IST reached an informed agreement, after diligent investigation, that it would be prudent to eliminate the inherent risks, delays and expense of prolonged litigation in uncertain causes.

The Court also concludes that the interest of the creditors and a proper deference to their views weighs in favor of approval of the stipulation.  Citibank is a large, if not the largest, creditor in all of the cases.  And of the many creditors in these cases, only two have voiced objection.  Notwithstanding, the Court recognizes that both American and GECC have substantial claims and are among the numerous creditors with multi-million dollar claims against  these  estates.   The  Court  has  duly  considered  the

objections of American and GECC and with all due respect to their concerns that Citibank is receiving preferred treatment, to the extent that it will receive interim distribution, interest and the possible nondischargeability of its debt as to the Fernandez debtors (in the event of default), the Court concludes that this preferred treatment is adequately balanced by Citibank agreeing to accept $7,000,000.00 in exchange for its $11,751,856.59 claim, which will greatly benefit all unsecured creditors. Foregoing the continued litigation expense will also benefit the unsecured creditors. Moreover, with this resolution, the Court anticipates the expeditious conclusion of these bankruptcy cases and the attendant distribution to all other creditors.

The Court will not consider the specifics of the source of funds. The payments will largely be made by a third party, IST, who would not otherwise be subject to the jurisdiction of this Court, except as a defendant in the adversary proceeding in Laser. It is sufficient that the parties have represented that no bankruptcy estate will be required to provide Citibank with more than its pro rata share of estate assets. The Court concludes that the Settlement Agreement does not provide for the joint and several liability of all debtors for the entire debt to Citibank. Thus, the Court concludes that approval of the Settlement Agreement, as modified by the subsequent representations of the parties, is fair and equitable and in the best interest of these estates.

ORDER

WHEREFORE IT IS ORDERED that the Settlement Agreement is APPROVED, as modified by the subsequent representations of Citibank, the captioned debtors and NWR, to the effect that no bankruptcy estate will be required to provide Citibank with more than its pro rata share of estate assets. The objections by American and GECC are DENIED.

SO ORDERED.

San Juan, Puerto Rico, this 31st day of March, 2009.

BY THE COURT:

s/ Gerardo A. Carlo

_____
GERARDO A. CARLO
U.S. Bankruptcy Judge